ORDERED.

Dated: September 30, 2016

*Cynthia C. Jackson*
Cynthia C. Jackson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| JOHN MICHAEL EDDY, | Chapter 7 |
| NANCY ELIZABETH EDDY, | Case No.: 6:12-bk-04736-CCJ |

    Debtors.
_____/
MARIE E. HENKEL, as the Chapter 7 Trustee

    Plaintiff,

                                               Adv. Pro. No. 6:13-ap-00115-CCJ

v.

FRANK RAYMOND EDDY, JR. as Trustee of the
JOHN MICHAEL EDDY TRUST of 1982; THOMAS
L. DEAN; NANCY ELIZABETH EDDY; and
UNKNOWN BENEFICIARIES OF the JOHN
MICHAEL EDDY TRUST OF 1982,

    Defendants.
_____/

MARIE E. HENKEL, as the Chapter 7 Trustee,

    Plaintiff,

v.                                             Adv. Pro. No. 6:13-ap-00112-CCJ

BROTHERS MILL, LTD.

    Defendant.
_____/

ORDER DENYING MOTION BY FRANK RAYMOND EDDY
FOR DISTRIBUTION FROM PORT ORANGE SALE
PROCEEDS CONSISTENT WITH HIS OWNERSHIP INTERESTS
<u>AS SUPPLEMENTED BY HIS EQUITY CONTRIBUTIONS</u>

This case came before the Court for hearing on the Motion by Frank Raymond Eddy for Distribution from Port Orange Sale Proceeds Consistent with his Ownership Interests as Supplemented by his Equity Contributions (Doc. No. 102; the "Distribution Motion") and the Trustee's Response (Doc. No. 104).

The parties have stipulated to the following facts:

1. On April 3, 2015, this Court entered its Memorandum Opinion in this case, which in part directed the turnover and administration of certain assets of the Debtor, John Michael Eddy, and of the Defendant, The Brothers Mill.

2. Included in the assets to be turned over to, and administered by the Trustee was a condominium located in Port Orange, Florida ("the Condo") which was owned by ETC Foods, LLC. The Condo was subject to a Mortgage Lien ("Mortgage Lien") held by Prosperity Bank, n/k/a Ameris Bank ("Ameris Bank").

3. ETC Foods, LLC ("ETC") is a Florida limited liability company. The managing member of ETC was The Eddy Corporation ("TEC"). Movant, Frank Raymond Eddy and Debtor John Michael Eddy each claim a 50% interest in ETC by virtue of their ownership

2

interests in TEC in a like percentage.

4. On March 25, 2014, in the Chapter 7 case of Frank Raymond Eddy (6:12-bk-0519), this Court entered an Order approving a settlement between Debtor, Frank Raymond Eddy and the Panel Trustee, George E. Mills, Jr. ("the Ray Eddy Settlement"). The Ray Eddy Settlement resolved various adversary proceedings brought in the Chapter 7 Case of Frank Raymond Eddy, as well as in a related bankruptcy case by TEC (6:12-bk-0520).

5. The Ray Eddy Settlement funds were divided among the Chapter 7 case of Frank Raymond Eddy and the TEC bankruptcy with two-thirds going to Frank Raymond Eddy's Estate and one-third going to the TEC Estate.

6. Using the Ray Eddy Settlement funds, the Panel Trustee, George E. Mills, Jr. made a $72,925.60 payment to Ameris Bank on its Mortgage Lien prior to the sale of the Condo, which reduced the Ameris Bank Mortgage Lien by the amount paid by the Panel Trustee to Ameris.

7. On February 9, 2015, Frank Raymond Eddy received a discharge in his Chapter 7 bankruptcy case and was relieved from personal liability under his guaranty of the Mortgage Lien held by Ameris Bank.

8. During the course of the administration of the John Michael Eddy and Nancy Eddy Estate, the Condo was sold, pursuant to the January 29, 2016, Order of this Court.

9. The sale of the Condo resulted in a net disbursement of $89,204.25 after satisfaction of the Mortgage Lien held by Ameris Bank ("the Sale Proceeds").

10. The Sale Proceeds are currently held in trust by the Trustee's counsel of record, pending Order of this Court.

As a result of the Court's Memorandum Opinion in this case on April 3, 2015 (Doc. No. 79), any proceeds from the sale of the Condo belong to Mike Eddy's bankruptcy estate. The remaining one-half would be distributed to Frank Eddy. By the Distribution Motion, Frank argues that because the Mortgage Lien was paid down by $72,925.60 as a result of a distribution from his bankruptcy estate, he is entitled to receive more than one-half and should be credited with that payment. The Chapter 7 Trustee objects. Frank Eddy cites no case law in support of his position but asks the Court to do so in equity claiming that otherwise, Mike Eddy's creditors would receive a windfall.

The Court disagrees. The Court believes that to allow Frank Eddy to be credited with his estate's distribution to the Bank would result in a windfall to him. Frank paid those monies in a settlement in his case and received a discharge as a result. If Frank Eddy were to receive an uneven distribution from the Condo sale, he would be receiving back monies he paid to reach that settlement and to receive a discharge. The Court finds that any such result would be inequitable.

## Conclusion

For the foregoing reasons, the Motion is denied.

Attorney Scott W. Spradley is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.